UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HORACE LAVELLE ARMFIELD**<br>    **LA. DOC #420134**<br>**VS.**<br><br>**LOUISIANA CORRECTIONS SERVICES,**<br>**ET AL.** | **CIVIL ACTION NO. 3:10-CV-0175**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Horace Lavelle Armfield, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 29, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Caldwell Detention Center (CDC), Grayson, Louisiana; however, he claims that he was denied appropriate medical treatment when he was confined at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana. He sued the Louisiana Corrections Services (LCS), Nurse Allen, Nurse Sigarst, and Deputy Warden Pailette at JBECC and has requested compensatory damages of $100,000 for pain and suffering and mental anguish. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is a LDOC inmate; he was prescribed Elavil®[1] by a "mental health" physician

---

[1] Elavil, or amitriptyline, is a medication used to treat symptoms of depression. It is in a class of medications called tricyclic antidepressants. It works by increasing the amounts of certain natural substances in the brain that are needed to maintain mental balance. Amitriptyline should be taken exactly as directed and patients should not take more or less of it or take it more often than prescribed by their physician. See Medline Plus, Drugs & Supplements, A Service of the U.S. National Library of Medicine and the National Institutes of Health, at

while he was incarcerated at the Ouachita Parish Corrections Center, Monroe, Louisiana. He was subsequently transferred to JBECC and was provided the medication as ordered until June 16, 2009, when Nurse Sigarst discovered that he was hoarding the medication by not taking the medication that was provided and placing the pill in his pocket. Sigarst advised Nurse Allen of her discovery and Nurse Allen in turn advised Dr. Neuman who ordered the medication discontinued.

In September 2009, plaintiff submitted a grievance complaining that the medication was discontinued without plaintiff having been examined by a mental health doctor. Nurse Sigarst responded to his complaint noting that plaintiff showed no display of erratic behavior and was observed going about daily activities with no problem since the medication was discontinued. She also noted that Dr. Neuman had advised that "once an [inmate] is caught hoarding a [medication]..." the medication would not be re-ordered for the inmate. Sigarst further noted that plaintiff was advised of the policy and indicated that he understood. Plaintiff's appeal was also denied and in the response dated September 19, 2009, it was noted that plaintiff did not display any behavioral issues and no problems associated with the discontinuance of the medication had been reported by prison staff. It was also noted that plaintiff had "... a calm presence and [did not] appear to be having any problems."

Plaintiff apparently sent a third step grievance to the LDOC Secretary on October 13, 2009; he claims the grievance appeal was not answered and therefore, he filed the instant complaint on January 29, 2010.

---

http://www.nlm.nih.gov/medlineplus/druginformation.html

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has submitted an articulate *pro se* complaint which details the factual and legal basis for his claims for relief against the defendants. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed as frivolous.

## 2. Medical Care

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the

criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994). Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5t Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials '<u>refused</u> to treat [the prisoner], <u>ignored</u> his complaints, <u>intentionally</u> treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Plaintiff was prescribed medication to treat depression while he was incarcerated at the OPCC. The prescription was continued for the period of time he was incarcerated at JBECC and then discontinued only when it was discovered that plaintiff was not taking his medication as directed, but rather hoarding it.  The defendants, relying upon the orders of Dr. Neuman, discontinued the medication, and their subsequent observations of plaintiff confirmed that plaintiff was not demonstrating any adverse effects based on that circumstance. Plaintiff claims that the medication should not have been discontinued until such time as he was examined by a mental health physician; however, he has not shown that Dr. Neuman was incapable of making

such decisions, nor that the policy behind the decision – to discontinue medication for patients who hoard it – was unsound.  Plaintiff's  allegations – accepted as true for the purposes of this analysis – fail to establish deliberate indifference on the part defendants.  He has not shown that the defendants or anyone else  "'refused to treat [him], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any <u>serious medical needs</u>.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d at 756 (5th Cir.2001).

Since plaintiff cannot demonstrate deliberate indifference on the part of the named defendants or any others his  medical care claim must be dismissed as frivolous.

### 3. Title 42 U.S.C. §1997e

Plaintiff seeks only compensatory damages for unnecessary pain and suffering and mental anguish. However, he does not allege that he sustained any physical injury as a result of the discontinuance of his medication.  Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the statute,  prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).  The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Plaintiff has alleged no physical injury and the undersigned can imagine no such injury resulting from the facts thus far alleged. Since plaintiff has alleged no physical injury resulting from the actions of the defendant, his claim for monetary damages as compensation for mental

6

anguish and stress is legally without merit and subject to dismissal as frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, March 29, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE